STEVE SZEMAN, JOHN KOLLAR AND STEPHEN KEREKES, RELATORS, v. CAPITOL THEATRE, INCORPORATED, THEODORE HARRIS, SAMUEL E. HARRIS AND MARTIN D. HARRIS, DEFENDANTS.

Decided January 30, 1925.

**Corporations—Examination of Books of Account by Shareholders—Application Resisted on Ground That One of the Relators is Not a Shareholder, That None Have Demanded an Examination, and That Application is Made for Purpose of Harming Defendants and Aiding a Competitor—None of These Claims Substantiated.**

On rule to show cause why a peremptory writ of *mandamus* should not issue.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relators, *Gross & Gross.*

For the defendants, *Weinberger & Weinberger* (*Harry H. Weinberger* and *Merritt Lane,* of counsel).

PER CURIAM.

This matter comes before us on a rule to show cause allowed by Mr. Justice Minturn. From the affidavits presented and testimony taken under the rule it appears that the Capitol Theatre, Inc., was incorporated on the 20th day of February, 1920, in this state, with an authorized capital stock of $500,000: that from the time of its incorporation it has been under the management of Theodore Harris, Samuel E. Harris and Martin D. Harris, who are brothers, and they constitute the board of directors. Theodore Harris is the president of the corporation, Samuel E. Harris its treasurer and secretary, and Martin D. Harris, its vice-president; that the relator Szeman owns ten shares of the stock issued to him on December 20th, 1920; that he has been informed by Samuel E. Harris, the secretary and treasurer of the company, that it was doing a very large business and was earning considerable money; that no dividends have ever been declared upon the stock; that John Kollar, one of the relators, owns five shares and that Stephen Kerekes owns fifty shares of the stock; that a large portion of the stock has been disposed of to credulous and ignorant members of the Slovak, Polish and Italian people and that the Harris brothers are purchasing the stock from such holders below its par value and are practically appropriating the profits of the business to their own exclusive benefit; that demand has been made of the Harris brothers by each of the relators that they render an accounting of the business of the corporation so that its financial situation may be ascertained, but this was refused and that each of the relators has demanded that he be permitted, through the aid and assistance of a disinterested accountant, to examine the books of the corporation for the purpose, which requests have been denied them.

The application is resisted upon three grounds—(1) That one of the relators is not a stockholder; (2) that none of the relators have demanded or authorized a demand for an inspection of the corporation books and records; (3) that the application is not made in good faith, but rather for the purpose of harming the defendants and aiding a competitor.

We think that none of the claims made is substantiated. The relators are entitled to an examination of the books under section 33 of the General Corporation act. 2 *Comp, Stat., p.* 1620. We think there is sufficient proof of a demand made and a refusal to comply therewith. Nor can we say from the testimony and stipulation of facts between counsel of the respective parties that the application is not made in good faith.

The stockholder may employ an expert accountant not connected with the corporation to assist him in making an inspection of the books and records of the corporation.

A peremptory writ of *mandamus* is ordered.